UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,

Plaintiff,

v.

JEREMY BEAN, et al.,

Defendants.

Case No.: 2:25-cv-02025-CDS-NJK

**ORDER**

*Pro se* Plaintiff Lausteveion Johnson brings this civil-rights lawsuit under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at High Desert State Prison. Docket No. 4. The Court entered a screening order on September 4, 2026. Docket No. 3. The screening order imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 3, 6. Plaintiff failed to appear at the mediation. *See* Docket No. 7.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court electronically **SERVE** a copy of this order and a copy of Plaintiff's Complaint, Docket No. 4, on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.
2. Service must be perfected no later than **January 19, 2027**, pursuant to Fed. R. Civ. P. 4(m).
3. Subject to the findings of the screening order, Docket No. 3, no later than **November 9, 2026**, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the

Attorney General's Office cannot accept service, the Office must file, under seal, but must not serve the inmate Plaintiff, the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

4. If service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint, Docket No. 4, no later than **December 18, 2026**.

6. Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

7. This case is no longer stayed.

IT IS SO ORDERED.

DATED: October 19, 2026

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE